IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:13CR3121 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH J. BENZ, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

I am in receipt of the psychological evaluation of the Dr. Benz conducted by the Bureau of Prison. The board certified forensic psychologist at the Bureau of Prison concludes that (1) Benz did not suffer a severe mental disease or defect at the time of the alleged offense and (2) Benz understood the nature, quality and wrongfulness[1] of his behavior at the time of the offense.

Pending before me is the government's amended motion in limine (filing no. 48). Following the filing of the government's amended motion, Benz filed an amended notice under Federal Rule of Criminal Procedure raising both a "mental condition" defense to guilt under Federal Rule of Criminal Procedure 12.2(b)[2] and insanity under Rule 12.2(a).[3]

---

[1]The offenses with which the defendant is charged, receipt and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) , and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), do not require proof of specific intent. It is sufficient that the defendant acted "knowingly," which term merely requires proof of knowledge of the facts that constitute the offense.

[2]Earlier, I granted (filing no. 44) the government's motion in limine (filing no. 35) because the Benz sought to offer evidence on his medical condition to negate a specific intent to violate the law. I reasoned that the laws at issue did not require specific intent. *See* ft. 1.

[3]"It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the

Benz cannot present his psychologist's testimony, in the face of a motion in limine, unless there is a preliminary showing that such testimony meets the rigors of 18 U.S.C. § 17(a). In this regard, the psychologist for Benz has submitted a supplemental report (filing no. 51-2) that may[4] satisfy the statute at least insofar as a threshold showing is required to overcome the government's amended motion. But this matter has not been briefed because both sides asked that I defer briefing until the report from the Bureau of Prisons was received.

In light of the foregoing,

IT IS ORDERED that:

1. The Clerk shall file the evaluation from the Bureau of Prisons as a restricted document.

2. My judicial assistant shall arrange a telephone conference with counsel and me to discuss further progression of this matter.

DATED this 19th day of October, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

wrongfulness of his acts. *Mental disease or defect does not otherwise constitute a defense.*" 18 U.S.C. § 17(a) (emphasis added).

[4]In contrast with the report from the Bureau of Prisons, the factual basis and related reasoning for the defense expert's conclusion on insanity are weak. For example, the defense psychologist does not discuss how Benz could be insane while Benz admitted that (1) he knew he was downloading child pornography, (2) he knew that child pornography was harmful to children, (3) he hid his activities from his wife and daughter and (4) he downloaded many images that involved young girls and men whereas his abuse (that allegedly provided the motivation to manically download child pornography in search of his abuser or photos of his own abuse) involved abuse visited upon him by another male.