IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:13CR3121 |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| JOSEPH J. BENZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before me is the government's second motion in limine.[1] This time the government seeks to prohibit Benz from presenting an insanity defense through the testimony of a psychologist.

Benz holds a PhD and was an academic at the University of Nebraska at Kearney. He was trained in the area of experimental psychology. He has little or no criminal history and was a law abiding and productive member of society until the incidents that resulted in the charged offense. Benz suffers from multiple sclerosis. He requires a leg brace and, sometimes, a wheel chair to get around. Indeed, while at the Bureau of prisons undergoing evaluation, he suffered a fall that caused a cut on the bridge of his nose. The cut required stitches to close.

Both the psychologist from the Bureau of Prisons and the expert for Benz agree that Benz was likely influenced during the relevant time by his ingestion of a

---

[1] For my first ruling that essentially held that Benz could not present expert evidence on his state of mind because the charged offense only required proof of "knowledge" rather than "intent," see filing no. 44. That ruling stands. In other words, Benz can only present the testimony of his psychologist by asserting an insanity defense. That defense was first proffered after my earlier ruling. The insanity defense is an affirmative defense that places the burden of proof on Benz.

prescribed medication for multiple sclerosis.² The doctors disagree on the severity and impact of such influence.

Summarized and condensed, the expert for Benz states, in multiple reports, that (1) Benz suffered a severe medication induced delirium and (2) that such delirium precluded Benz from appreciating the nature and quality or the wrongfulness of his acts.³ 18 U.S. Code § 17(a). This is enough to get Benz past the government's second motion in limine. But this ruling raises two additional problems.

First, if the jury finds that Benz was insane at the time, there are nevertheless drastic consequence of such a verdict. Pursuant to 18 U.S. Code § 4243, and among other limitations on his liberty, Benz will be held in a Bureau of Prisons hospital for an indefinite period of time and, even if he is released, he will be subject to monitored conditions the breach of which could land him back in the hospital. I must be sure that Benz fully appreciates the consequences of invoking his right to the affirmative defense of insanity. Accordingly, I will order that Benz establish by affidavit that he knows what he is doing.

Second, this is the first time that I have permitted an insanity defense to be presented. The insanity defense is an affirmative defense that must be proven by clear and convincing evidence. 18 U.S. Code § 17(b). This raises several subsidiary questions.

---

²At one time, Benz was prescribed Pramipexole (brand name, Mirapex) for treatment of his disease.

³Both psychologists agree that Benz no longer suffers from the medication induced problems that are at the heart of this case. Benz is no longer taking the prescription medication that allegedly caused the problem and has apparently been off that medication for several years. Furthermore, and according to the BOP, Benz was taking "Ampyra [a different medication] with much success" when he was evaluated.

May the government anticipate the defense in the government's case-in-chief by presenting testimony from the BOP psychologist ?[4] Must the government wait until Benz has presented the testimony of his expert before presenting the testimony of the BOP doctor? In other words, if the government elects to call an expert witness, must the government wait until rebuttal to do so? Relatedly, what precisely will each expert be allowed to say? *See*, *e.g.*, [United States v. Blumberg](), 961 F.2d 787, 789 (8th Cir. 1992) (describing what experts can and cannot testify about in a case raising the insanity defense).

To address these issues and others, I will hold an "on the record" status conference with counsel in the courtroom to more fully flesh out these, and related, questions such as trial scheduling.[5] While Benz need not be present for such a conference, I will not hold that conference unless and until Benz has submitted the required affidavit.

IT IS ORDERED:

1. The government's second motion in limine (filing no. [48]) is denied. The defendant may present expert psychological testimony at trial if but only if the defendant proceeds with an insanity defense.

2. On or before December 23, 2015, the defendant shall file an affidavit establishing that he has consulted with counsel at least twice *subsequent*

---

[4] I don't mean to suggest that the government is required to present an expert. But, assuming that the government will likely do so, provisions for that eventuality must be undertaken.

[5] Counsel should anticipate a trial after the first of the year. With that in mind, counsel should contact their respective experts to get dates when they will be available as I will likely set a trial date at the time of our conference.

to this ruling regarding the risks and rewards of pursuing an insanity defense. The affidavit shall also confirm (if it is true) that Benz has been given a copy of, and has personally read and understands, 18 U.S. Code § 4243 and this Memorandum and Order.

3. On *Tuesday, December 1, 2015*, counsel shall jointly contact my judicial assistant to schedule the "on the record" status conference contemplated by this Memorandum and Order. That status conference should be held over a noon hour and it will take place in the courtroom. It should be scheduled sometime shortly after December 25, 2015, and not before.

4. The time between today's date and the status conference contemplated by this Memorandum and Order shall be excluded from computation under the Speedy Trial Act in the interests of justice. Specially, I make this exclusion in order to provide for the fair and just presentation of the defendant's affirmative defense of insanity. 18 U.S. Code § 3161 (h)(7)(A)&(B).

DATED this 24th day of November, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge