IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 4:13CR3121 |
| v. | ) | |
| JOSEPH J. BENZ, | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

After a bench trial, I found Dr. Benz guilty of possessing child pornography and also guilty of receiving child pornography. However, I found that the government failed to prove beyond a reasonable doubt that Benz "knowingly" *distributed* child pornography. Among other things, the government was unable to prove that the old LimeWire program that was not in use had previously been "switched on" to share, and the government conceded that the BitTorrent program was set to share automatically with the user having no control.

My verdict raises the question of double jeopardy and I am preliminarily convinced that I must vacate one of the convictions immediately prior to imposing judgment. *See*, *e.g.*, *United States v. Muhlenbruch*, 634 F.3d 987, 1002-1005 (8th Cir. 2011) (Possessing child pornography is lesser-included offense of receiving child pornography. 18 U.S.C. § 2252(a)(2), (a)(4)(B). Defendant's convictions for receiving child pornography and lesser-included offense of possessing child pornography were based on same act or transaction, and thus convictions violated Double Jeopardy Clause. U.S.C.A. Const. Amend. 5; 18 U.S.C. § 2252(a)(4)(B), (a)(2); remanding for vacation of one of the convictions *without instructions as to which conviction to vacate*). See also *United States v. Huyck*, 2015 WL 4727462 at * 6-7(D.Neb. 2015).

I considered this question in more detail after Mr. Creager, the defense lawyer, speculated about it immediately after the entry of my verdict. Following further research, I am tentatively persuaded to vacate the greater conviction (receiving) rather than the lesser conviction (possessing) because of the peculiar circumstances of this case. That is, and among other things, Benz was motivated to possess child pornography and receive it to find images of the sexual abuse suffered by Benz and his sister so that he could bring the abuser to justice. He was doing so while under the influence of a powerful medication that had been prescribed to him by a neurologist. The case law regarding which conviction to vacate appears to require me to consider the culpability of the underlying conduct when considering which conviction to vacate since that questions bears directly on the issue of sentencing.

With the foregoing in mind,

IT IS ORDERED that the parties shall submit joint and simultaneous briefs no later than July 1, 2016, addressing the foregoing matters, and joint and simultaneous reply briefs addressing the initial briefs no later than July 11, 2016.

May 31, 2016.　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　*Richard G. Kopf*
　　　　　　　　　　　　　　　　　　Senior United States District Judge