IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:13CR3121 |
| vs. | |
| JOSEPH J. BENZ, | BRIEF FOR PLAINTIFF |
| Defendant. | |

On May 26, 2016, following a three-day bench trial, this Court found the Defendant, Joseph Benz, guilty of receipt of child pornography and possession of child pornography. (Filing 99). Due to the nature of the charges for which Defendant was found guilty, on May 26, 2016, the Court entered a Memorandum and Order indicating that due to Double Jeopardy concerns, the Court was "preliminarily convinced that [it] must vacate on the convictions immediately prior to imposing judgment." (Filing 107). The Court requested briefs from the parties on the issue addressed in the Memorandum and Order. The United States submits that if the Court does find that one of the counts of conviction must be vacated on Double Jeopardy grounds, the Court should vacate the conviction on the lesser included offense of possession of child pornography, Count II of the Indictment, and maintain the conviction and accordingly sentence the Defendant for the greater offense of receipt of child pornography, Count I of the Indictment.

It has been consistently held in this circuit and others that a defendant cannot be convicted of both receipt and possession of child pornography if both convictions were based on the "same act or transaction." *United States v. Muhlenbruch*, 634 F.3d 987, 1004 (8th Cir. 2011). *See also United States v. Schales*, 546 F.3d 965 (9th Cir. 2008); *United States v. Bobb*, 577 F.3d 1366, 1374 (11th Cir. 2009).

1

Most of these circuits adopted and analogized the reasoning in *Ball v. United States*, 470 U.S. 856, 864 (1985), which addressed double jeopardy concerns raised by simultaneous convictions of illegal possession and illegal receipt of the same gun ("the only remedy consistent with the congressional intent is for the District Court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions").  See also, *United States  v. Mulenbruch*, *supra* at 1004; *United States v. Schales, supra* at 980; and *United States v. Huyck*, 2015 WL 4727462, *5 (D. Neb. 2015).

The decision as to which conviction to vacate "is a matter committed to the trial judge's discretion because functionally it is a decision concerning the length of the defendant's sentence." *United States v. Peel*, 595 F.3d 763, 768 (7th Cir. 2010). However, "usually it's the conviction carrying the lesser penalty that is vacated." *Id*. Indeed "[i]t would be paradoxical to give the defendant a shorter sentence than he would have received had the government not also charged him with the less serious offense." *Id*. (paraphrasing *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000)). "The proper remedy for convictions on both greater and lesser included offenses is to vacate the conviction and the sentence of the lesser included offense." *United States v. Boyd*, 131 F.3d 951 (11th Cir.1997). See also, *United States v. Huyck, supra* at *7 ("Ordinarily, however, it is "the conviction carrying the lesser penalty that is vacated.").

The evidence adduced at trial clearly supports this Court vacating the lesser possession charge and sentencing the defendant on the conviction for receiving child pornography.  The receipt conviction carries the more significant penalty; a maximum 20 years in prison and a mandatory 5 years in custody.  This Court has already found that the Defendant committed the more serious offense of knowingly receiving child pornography.  The evidence clearly established that the Defendant's goal and desire was to receive child pornography.  In his

statements to both Dr. Newring and Dr. Boutwell, Defendant stated that his intent was to receive images and videos of child pornography. As the Court found, "the Defendant clearly knew that he was possessing and receiving child pornography and also that all of the elements of the crime have been established." (Filing 99, p.2). There is simply no basis for the Court to vacate the receipt conviction. As the Seventh Circuit noted in *Peel*, "[w]hat is true is that in a case in which the lesser-included has fewer elements *and* is the less serious offense, vacating the sentence for the graver offense would be an abuse of discretion…" *United States v. Peel, supra* at 768. This should vacate the possession conviction for the Defendant.

The court's discretion should be used to vacate the lesser offense of possession. Defendant's position to Dr. Newring and Dr. Boutwell was that his main goal was to acquire and receive child pornography, not possess it. Although the United States believes that the evidence in this case contradicts this assertion, given that the Defendant also moved files of child pornography to other folders on his computer and to other storage media, Defendant clearly received a massive amount of child pornography in violation of federal law. He also told Dr. Boutwell that he knew of the harm and trauma caused to victims of child pornography trafficked on the Internet. Such criminal activity warrants the greater count of conviction. "Only the person who intentionally obtains child pornography – whether by purchase or through peer-to-peer software – willingly participates in trafficking child pornography, making that person the more deliberate, active promoter of the market and the harms it creates and furthers. . ." *United States v. Wheelock*, 772 F.3d 825, 831-32 (8th Cir. 2014).

In similar cases in the District of Nebraska, the court has vacated the lesser possession charge, finding the defendant guilty of the greater receipt charge. *See e.g. United States v. Haugh*, 4:13cr3039 (D. Neb. 2013); *United States v. Huyck*, 2015 WL 4727462 (D. Neb. 2015)

3

("Absent unusual circumstances and compelling reasons to vacate the greater offense, a district court 'should' exercise its discretion to vacate the lesser-included offense"). Quite simply, this case does not provide a compelling reason to vacate the greater offense.

Accordingly, the government requests that Defendant be sentenced on his conviction for receiving child pornography under 18 U.S.C. § 2252(a)(4)(B), and that Defendant's conviction for possession of child pornography under 18 U.S.C. § 2252(a)(2) be vacated so as to prevent a violation of the Double Jeopardy Clause.

      Respectfully Submitted,

      DEBORAH R. GILG
      United States Attorney
      District of Nebraska


By:   s/ Steven A. Russell
      STEVEN A. RUSSELL, #16925
      Assistant U.S. Attorney
      487 Federal Building
      100 Centennial Mall North
      Lincoln, NE 68508-3865
      Tel: (402) 437-5241
      Fax: (402) 437-5390
      E-mail: steve.russell@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on June 30, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Robert Creager, and also hereby certify that a copy of the same has been served by regular mail, postage prepaid, to the following non-CM/ECF participants: N/A

s/ Steven A. Russell
STEVEN A. RUSSELL