IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOSEPH BENZ, )<br>)<br>Defendant. ) | Case No. 4:13CR3121 |

**BRIEF IN SUPPORT OF VACATING THE RECEIPT CONVICTION**

INTRODUCTION

After a bench trial, the Defendant Joseph Benz (Benz) was convicted of receipt and possession of child pornography. He was acquitted of the distribution charge.

Following his conviction, the court indicated its intention to vacate the receipt charge to avoid double jeopardy concerns. See, *United States v. Muhlenbruch*, 634 F.3d 987, 1004 (8th Cir. 2011). *See also United States v. Schales*, 546 F.3d 965 (9th Cir. 2008); *United States v. Bobb*, 577 F.3d 1366, 1374 (11th Cir. 2009). However, the decision as to which conviction to vacate "is a matter committed to the trial judge's discretion because functionally it is a decision concerning the length of the defendant's sentence." *United States v. Peel*, 595 F.3d 763, 768 (7th Cir. 2010).

In adjudicating the insanity defense presented at trial this Court concluded that Benz's criminal conduct was the product of a mental defect caused solely by the effects of a prescription medication. But for his use of the medication, the Court concluded that Benz would not have engaged in the offense conduct. However, the Court concluded that the chemically induced mental defect did not rise to the level of establishing an insanity defense.

In similar cases in the District of Nebraska, the court has vacated the lesser possession charge, finding the defendant guilty of the greater receipt charge. *See e.g. United States v. Haugh*, 4:13cr3039

(D. Neb. 2013). However, in *Haugh* we note that he was also convicted of the distribution charge and offered to other psychiatric defense. *Haugh* was a garden variety child pornography case with all the attributes of receipt, possession and distribution through a file sharing network. "Absent unusual circumstances and compelling reasons to vacate the greater offense, a district court 'should' exercise its discretion to vacate the lesser-included offense") *United States v. Huyck*, 2015 WL 4727462 (D. Neb. 2015).

This case, is not only unusual, it is factually bizarre. If there has ever been a more unusual circumstance than the medical/pharmaceutical/psychological issues raised in this case, we cannot find such a case in the reported literature. Also, the apparent prohibition against the court considering a defense of diminished capacity offers at least a compelling reason to consider the vacation of the greater sentence. Imposing a mandatory 5-year minimum sentence, without permitting the court to take in to consideration the non-guideline factors related to the mental defect, would be unjust.

## CONCLUSION

For the reasons set forth herein, the Court should vacate the receipt charge and sentence the Defendant for the possession charge

                   JOSEPH BENZ, Defendant

                   *s/Robert B. Creager*
                   Robert B. Creager # 15370
                   ANDERSON, CREAGER &
                    WITTSTRUCK, P.C. LLO
                   1630 K Street
                   Lincoln, NE 68508
                   (402) 477-8800
                   rcreager@acwlaw.com
                   Attorney for Defendant

## CERTIFICATE OF SERVICE

      I certify that on June 30, 2016I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a copy to:

    Steve Russell

Dated: June 30, 2016

                                                     *s/Robert B. Creager*
                                                     Robert B. Creager # 15370
                                                     Attorney for Defendant